UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenyatte Brown, # 99287-071, | ) C/A No.  9:13-551-JMC-BM |
| | ) |
| Petitioner, | ) |
| | )REPORT AND RECOMMENDATION |
| vs. | ) |
| | ) |
| T. Cruz, Warden FCI-Williamsburg, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner, Kenyatte Brown, proceeding *pro se*, files this action pursuant to 28 U.S.C.
§ 2241, seeking a reduction in his federal sentence. Petitioner is incarcerated at FCI-Williamsburg,
located in South Carolina.

Petitioner was convicted on September 12, 2003 in this court by a jury verdict of
guilty on a one-count federal indictment charging possession with intent to distribute less than five
grams of cocaine base. On April 12. 2004, he was sentenced to 262 months of incarceration and six
years of supervised release. He pursued an unsuccessful direct appeal that ended on September 15,
2005. He also pursued an unsuccessful 28 U.S.C. § 2255 motion alleging ineffective assistance of
counsel, which terminated with the court's entry of summary judgment for the respondent on March
31, 2010.  This decision was affirmed by the Fourth Circuit Court of Appeals' mandate issued on
October 26, 2010.

In the § 2241 Petition under review, Petitioner asserts that his 2004 sentence should
be vacated and that he should be released from custody because of the rulings in *Carachuri-Rosendo
v. Holder*, 130 S. Ct. 2577 (2010) and *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).
Petitioner alleges that his prior state convictions for possession with intent to distribute both crack



and cocaine, used to enhance his guidelines sentence, are not "felonies" that subjected him to more than one year in prison. Thus, Petitioner contends, under *Carachuri-Rosendo* and *Simmons*, those prior convictions can no longer support the enhanced sentence Petitioner received from this court.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). Further, *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003).

Nonetheless, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court;" Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254); and the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district



court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).  Such is the case here.

## DISCUSSION

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997).  In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy; *See In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997)(collecting cases); and since the passage of § 2255, § 2241 has been resorted to and found to be a valid means of court review only in limited situations, none of which are present in this case.  For example, § 2241 has been found available in  actions challenging the administration of parole, *see Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, *see McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-05(6th Cir. 1993); prison disciplinary actions, *see United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence.  *See Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991).

Essentially, then, § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of his/her sentence, but it is not generally available where the underlying validity of the conviction and sentence is being challenged.  *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)(collecting cases from other circuits).  Rather, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994); *see also Atehortua v. Kindt*, 951 F.2d at 129-30.  Petitioner's allegations about recently decided case law that



has allegedly resulted in his serving an excessively enhanced sentence go to the underlying validity of his sentence rather than to the manner of execution of the sentence.  Such matters are not properly considered under § 2241 unless Petitioner can come within the "savings clause" of § 2255 by showing that this is an exceptional case where 28 U.S.C. § 2255 is neither an adequate nor effective remedy for those issues.  *See In re Vial,* 115 F.3d 1192 (4th Cir. 1977); *Tanksley v. Warden*, No. 99-4391, 2000 WL 1140751(6th Cir. Aug. 08, 2000); *Gonzales v. Snyder*, No. 00-1095, 2000 WL 636908 (8th Cir. May 18, 2000).  However, it is settled in this circuit that the possibility that a second § 2255 petition might be found untimely or successive does not render the § 2255 remedy inadequate or ineffective.  *See Vial*, 115 F.3d at 1194 n. 5; *see also Jiminian v. Nash*, 245 F.3d 144, 147-48 (2d Cir. 2001)(collecting cases).  In fact, Petitioner makes no "ineffective or inadequate" argument whatsoever in either his Petition or the attached Memorandum in this case, instead couching his argument in administrative law terms, and citing to the Administrative Procedures Act (APA), 5 U.S.C. §§ 701-06, which Petitioner contends the Respondent and/or the Federal Bureau of Prisons (BOP) have violated. That argument, however, is unavailing here because the ultimate relief requested; vacation of a sentence entered by this court and release of a prisoner; could not be provided by the Respondent or the BOP as a result of an action under the APA.

Further, even if Petitioner had attempted to argue that § 2255 is inadequate or ineffective in his case, the Petition would still be without merit.  The Fourth Circuit Court of Appeals set forth the test to determine if a §2255 motion would be inadequate or ineffective in *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000), holding that  a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law



changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

(3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one

of constitutional law." *Id.* Petitioner fails to meet the prongs of this test.

Specifically, Petitioner has not established that, subsequent to his direct appeal, and

after the time for him to file a Section 2255 motion had run, the substantive law had changed such

that the conduct of which he was **convicted** has been deemed not to be criminal. Indeed, Petitioner

clearly attacks his **sentence**, *not his conviction*, in this § 2241 Petition, and it has been held that

"Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners

challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267n. 7 (4th Cir. 2008).

Because the substantive law has not changed such that Petitioner's convicted conduct is now

"deemed not to be criminal," as the second-prong of the *Jones* test requires, this court does not have

jurisdiction to entertain Petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

Furthermore, Petitioner seeks relief under the Fourth Circuit's holding in *United*

*States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), which overruled *United States v. Harp*, 406 F.3d

242, 246 (4th Cir. 2005). The *Simmons* case, however, arose from a direct appeal, not a collateral

attack such as a § 2255 motion or § 2241 petition. When overruling *Harp*, the *Simmons* court held

that, under North Carolina's statutory sentencing scheme, a defendant is convicted of a crime

punishable by more than one year only if an offender with the same prior record level and convicted

of similar aggravating factors could have received a sentence exceeding one year. *Simmons* was

decided on August 17, 2011, and the United States Court of Appeals for the Fourth Circuit has **not**

held that *Simmons* is retroactive. Moreover, the Supreme Court of the United States has **not** held that

the holding in *Carachuri–Rosendo v. Holder*, 130 S.Ct. 2577 (2010), the case on which the holding

5



in *Simmons* is based, is retroactively applicable to cases on collateral review. In the absence of a

clear determination by the Fourth Circuit that its opinion in *Simmons* should apply retroactively to

persons whose convictions were final before *Simmons* was decided, this court cannot say that

Petitioner is entitled to raise that case as a basis for his claim in this Petition. Because he has not

shown that the cases he cites for authority have been made retroactive to cases on collateral review,

and has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the

legality of his sentence thereby allowing him to file a § 2241 petition, this matter must be dismissed.

## <u>RECOMMENDATION</u>

Accordingly, it is recommended that the § 2241 petition in this case be dismissed

*without prejudice* and without requiring Respondent to file a return.  *See Allen v. Perini*, 424 F.2d

134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate

burden placed on respondents caused by ordering an unnecessary answer or return); and the Anti-

Terrorism and Effective Death Penalty Act of 1996.


May 8, 2013                                                    Bristow Marchant
Charleston, South Carolina                        United States Magistrate Judge


*<u>Petitioner's attention is directed to the important notice on the next page.</u>*

6



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4ᵗʰ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

7

