UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenyatte Brown<br>     Petitioner,<br>vs.<br>T. Cruz, Warden, FCI-Williamsburg,<br>     Respondent. | Civil Action No.: 9:13-cv-00551-BHH<br><br>**Opinion and Order** |

This matter is before the Court upon the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 13), which recommends that the § 2241 petition be dismissed *without prejudice* and without requiring the respondent to file a return. For the reasons set forth below, the Court agrees with the Report and dismisses the petitioner's complaint *without prejudice*.

## BACKGROUND

The petitioner Kenyatte Brown ("the petitioner"), a federal inmate at FCI-Williamsburg, who is proceeding *pro se* brought this action pursuant to 28 U.S.C. § 2241 seeking a reduction in his federal sentence. On April 12, 2004, the petitioner was convicted of possession with intent to distribute less than five grams of cocaine base and sentenced to 262 months of incarceration to be followed by six years of supervised release. The petitioner's 2005 appeal was unsuccessful, and the Court granted the government's motion for summary judgment on his § 2255 motion alleging ineffective assistance of counsel.

On March 4, 2013, the petitioner filed this action pursuant to 28 U.S.C. § 2241. The petitioner alleges that his sentence should be vacated because his prior state

convictions for possession with intent to distribute crack and cocaine should no longer be considered "felonies" following the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010) and the Fourth Circuit's ruling in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

Pursuant to 28 U.S.C. § 636(b) (1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the case was assigned to Magistrate Judge Bristow Marchant.  On May 8, 2013, the Magistrate Judge issued a Report recommending that the § 2241 petition be dismissed without prejudice and without requiring the respondent to file a return because the cases upon which the petitioner relies have not been made retroactive and the petitioner has not shown that a § 2255 is inadequate.  The petitioner filed objections on May 30, 2013 (ECF No. 16).

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Report to which specific objections have been filed*. Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do

not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ( "[*D*]*e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The court reviews only for clear error in the absence of a specific objection. Furthermore, in the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Under 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a prisoner's action if it determines that the action: "(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status.  This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

**DISCUSSION**

Upon review, the Court agrees with the Magistrate Judge that the petitioner's case should be dismissed. The petitioner's objections provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition. As the Magistrate Judge explained, the petitioner may only challenge the underlying validity of his sentence through 28 U.S.C. § 2241 if he can satisfy the "savings clause" of 28 U.S.C. § 2255 by showing that § 2255 does not provide an adequate or effective remedy. The Fourth Circuit Court of Appeals set forth a three-part test that a petitioner must satisfy in order to make this showing and fall within the savings clause of § 2255. *See In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).[1] The Magistrate Judge correctly pointed out that the second prong of the *Jones* test requires a petitioner to attack his conviction, not merely his sentence.

The petitioner appears to concede that he is doing just the opposite -- attacking his sentence instead of his conviction. (*See* ECF No. 16 at 3 ("[S]ubsequent to the filing of [the petitioner's] § 2255, the law underlying his conviction has not been changed, making his instant offense of <u>conviction</u> unlawful. However, the law has changed, making his instant <u>sentence</u> unlawful.").) Nevertheless, he urges this Court to apply the "legal reasoning and modified application of the *Jones* standard" used by the District of Maryland in *Poole v. Dotson*, 469 F. Supp. 2d 329 (D. Md. 2007) *rev'd*

---

[1] "[W]e conclude that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme ***334** Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law."

*sub nom. United States v. Poole*, 531 F.3d 263 (4th Cir. 2008). The petitioner acknowledges that the District Court's ruling was promptly overturned by the Fourth Circuit, but contends that the Court of Appeals based its ruling solely on the fact that Maryland authorities were not Poole's "immediate custodian." As the Magistrate Judge noted, however, footnote 7 of the Fourth Circuit's opinion in *Poole* makes it very clear that the savings clause does not apply "to those petitioners challenging only their sentence." *Poole*, 531 F.3d at 267 n.7. The petitioner's objections fail to address this clear holding and are without merit.[2] The Court concludes that the petitioner's remaining arguments are unpersuasive for the reasons stated in the Report.

## **CONCLUSION**

After a thorough review of the Report, the record, and the applicable law, the Court finds that the petitioner's objections are without merit. Accordingly, the Court adopts the Report and incorporates it herein. It is therefore ORDERED that the petitioner's § 2241 petition be dismissed *without prejudice* and without requiring the respondent to file a return.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

January 23, 2015
Greenville, South Carolina

---

[2] Petitioner also fails to raise a specific or meritorious objection to the Magistrate Judge's conclusion that the authorities upon which the petitioner relies to attack the validity of his sentence have not been applied retroactively.